```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
1587 SNEAKERS, INC.,

                        Plaintiff,            ORDER

              - against -            26-cv-01337 (NRB)

TRAVIS KELCE; PATRICK MAHOMES; 1587 PRIME
KC, LLC; 1587 PRIME HOLDINGS, LLC; TOSH
BERMAN; MICHAEL TANHA; and NOBLE 33
HOLDINGS, LLC,

                        Defendants.
-------------------------------------X
```

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

Having reviewed plaintiff 1587 Sneakers, Inc.'s ("plaintiff") Emergency Motion for a Temporary Restraining Order & Preliminary Injunction, ECF No. 3, the Court declines to sign it.

At the threshold, the complaint, ECF No. 1 ("Compl."), has not made clear that this Court has personal jurisdiction over the defendants, nor is it by any means clear that venue lies in this district.

Moreover, under established Second Circuit case law, the plaintiff's "significant delay" in seeking a temporary restraining order after learning that a restaurant named 1587 PRIME would open in Kansas City, Missouri "tends to neutralize any presumption that infringement alone will cause irreparable harm pending trial, and such delay alone may justify denial of a preliminary injunction for trademark infringement."  Citibank, N.A. v. Citytrust, 756

1

F.2d 273, 276 (2d Cir. 1985).  In an effort to establish customer confusion, plaintiff submitted the declaration of its co-founder, Adam King, describing interactions at the 2025 Asian American Journalist Association Conference in Seattle, Washington during which "[s]everal individuals" asked Mr. King whether "'1587 PRIME' . . . was [plaintiff's] venture into the restaurant industry[.]" ECF No. 3-3 ("King Decl.") ¶ 6(a).  That conference occurred from July 30 to August 3, 2025.[1]  According to plaintiff, the restaurant opened in September 2025.  Compl. ¶ 30.  In Citibank, a comparable delay supported a finding of no irreparable injury.  Citibank, 756 F.2d at 276–77 (finding that plaintiff's failure to seek an injunction for "more than ten weeks after it learned directly of [defendant's] plans, and more than nine months after it received notice" of defendant's intentions "suggests that there is, in fact, no irreparable injury" (internal quotation marks omitted)).

Finally, there is no indication on the docket that plaintiff has served the complaint or the proposed order to show cause and supporting papers on defendants.  After service is effectuated, the Court will consider any appropriate motions in the normal course assuming that personal jurisdiction and venue can be established.

---

[1]    AAJA25 Updates, Asian American Journalists Association (last visited Mar. 2, 2026), https://www.aaja.org/2025/01/21/aaja25-updates-submit-pitches-for-seattle-and-boost-your-leadership-by-joining-the-programming-committee/ (noting that "AAJA's 2025 convention will be in Seattle, Washington, from July 30 to August 3, 2025").

Dated:     March 2, 2026
           New York, New York

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE