

**FRANK D. D'ANGELO**
Partner

345 Park Avenue
New York, NY  10154

**Direct**  +1 212-407-4189
**Main**    +1 212-407-4000
**Fax**     +1 212-407-4990
fdangelo@loeb.com

April 13, 2026

Hon. Naomi Reice Buchwald
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re:     *1587 Sneakers, Inc. v. Kelce et al.*, No. 26-cv-01337 (NRB) – Letter Motion to Strike

Dear Judge Buchwald:

We represent Defendants Patrick Mahomes II and Travis Kelce in the above-referenced action. We write jointly with counsel for Defendants 1587 Prime Holdings, LLC, 1587 Prime KC, LLC, Tosh Berman, Noble 33 Holdings, LLC, and Michael Tanha, pursuant to Rule 2.A of this Court's Individual Practices to respectfully request that the Court strike Plaintiff's Second Amended Complaint (the "SAC") (ECF No. 18) pursuant to Fed. R. Civ. P. 15(a).

As the Court is aware, this action involves claims for trademark infringement and related claims asserted by Plaintiff 1587 Sneakers, Inc., a sneaker company allegedly offering footwear and apparel under the name "1587," against Mr. Mahomes and Mr. Kelce and certain individuals and entities affiliated with the Kansas City, Missouri steakhouse "1587 Prime". Plaintiff filed its initial Complaint on February 17, 2026 (ECF No. 1) and later amended as a matter of course by filing a First Amended Complaint on March 9, 2026 (the "FAC") (ECF No. 9). Plaintiff declined to serve either of those pleadings.

Defendants, having discovered this action through the press, entered appearances through counsel and, on March 25, 2026, requested a pre-motion conference in connection with their anticipated motions to dismiss the FAC (ECF Nos. 15, 16). Those requests remain pending— and have not been opposed. Rather than filing a letter response to Defendants' pre-motion letters within three business days pursuant Rule 2.B of the Court's Individual Practices, Plaintiff filed the SAC on April 1, 2026, in which it ostensibly attempted to respond to the pre-motion letters with new legal arguments and case citations in the pleading itself. *See* ECF No. 18, ¶¶ 22-32.

Pursuant to Rule 15(a)(1), however, a party may amend only "once" as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2); *see Knife Rights, Inc. v. Vance*, 802 F.3d 377, 389 (2d Cir. 2015). Plaintiff did not request leave to file the SAC pursuant to Local Civil Rule 15.1 and Rule 2.C.4 of this Court's Individual Practices, much less obtain leave from the Court to do so. Nor have Defendants consented to the filing of the SAC. For this precise reason, the pleading was flagged on ECF as deficient under Rule 15. *See* ECF entry dated Apr. 2, 2026. This is not the first time Plaintiff has ignored the Local Rules and the Court's Individual Practices.[1]

---

[1] As noted above, Plaintiff failed to file letter responses to Defendants' pre-motion letters under Rule 2.B of the Court's Individual Practices. Similarly, Plaintiff failed to file letters accompanying his prior motions pursuant to Rule 2.C.1 of the Court's Individual Practices, and ignored the limitations on memoranda of law

Los Angeles  New York  Chicago  Nashville  Washington, DC  San Francisco  Tysons  Beijing  Hong Kong  www.loeb.com

For the United States offices, a limited liability partnership including professional corporations. For Hong Kong office, a limited liability partnership.



Given that a response to a compliant Second Amended Complaint would ordinarily be due on April 15, 2026, Defendants, in an excess of caution, hereby request that the Court strike the SAC as improperly filed. *See Knife*, 802 F.3d at 389; *see also, e.g., Paladino v. Seals-Nevergold,* 2019 U.S. Dist. LEXIS 47140, at *5, 7-8 (W.D.N.Y. Mar. 18, 2019) (granting motion to strike second amended complaint where it was filed "without either leave of the Court or consent from the defendants").

Rather than proceed with the SAC, Defendants respectfully ask that the Court schedule the previously requested pre-motion conference in connection with Defendants' anticipated motion to dismiss the First Amended Complaint—a request which Plaintiff did not timely oppose. Alternatively, if the Court prefers that a motion to strike the SAC be briefed more fully, we respectfully request leave to file such a motion within fourteen (14) days of any order of the Court directing such briefing.

We thank the Court for its time and attention to this matter, and we remain available should the Court wish to discuss these matters further.

Respectfully Submitted,

*/s/ Frank D. D'Angelo*

Frank D. D'Angelo
Partner

cc:    Counsel of Record

---

imposed by Local Civil Rule 7.1(c) (*see* ECF No. 3).  Plaintiff has also failed to serve multiple sets of papers on Defendants—not only the initial and amended complaints as noted above, but also its emergency motion for a temporary restraining order and preliminary injunction and its motion for reconsideration (ECF Nos. 3, 8).  Plaintiff never even requested that summonses be issued to Defendants, nor did he contact Defendants' counsel asking if they would accept service of any documents.