UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                    :

1587 SNEAKERS, INC.,               :   Case No. 1:26-cv-01337-NRB

                                      :

             Plaintiff,           :

                                        :   Hon. Naomi Reice Buchwald

             v.                   :

                                        :

TRAVIS KELCE, PATRICK MAHOMES,   :   **ORAL ARGUMENT REQUESTED**
1587 PRIME KC, LLC, 1587 PRIME         :
HOLDINGS, LLC, TOSH BERMAN,        :
MICHAEL TANHA, and NOBLE 33         :
HOLDINGS, LLC                           :

                                        :

             Defendants.        :

                                        :
-----------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS PATRICK MAHOMES II AND TRAVIS KELCE'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT

                                 LOEB & LOEB LLP
                                 Frank D'Angelo
                                 Sarah Levitan Perry
                                 345 Park Avenue
                                 New York, NY 10154
                                 Tel: (212) 407-4000

                                 Melanie Howard (admitted *pro hac vice*)
                                 10100 Santa Monica Blvd., Suite 2200
                                 Los Angeles, CA 90067
                                 Tel: (310) 282-2000

                                 *Attorneys for Defendants*
                                 *Patrick Mahomes II and Travis Kelce*

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ..........................................................................................1

STATEMENT OF FACTS ..................................................................................................2

    A.    Plaintiff's Insufficient Allegations............................................................2

    B.    The True Nature of Mahomes and Kelce's Connection to 1587 PRIME ..........................................................................................................4

    C.    Plaintiff Has Had Several Opportunities To Perfect Its Pleading................4

ARGUMENT.......................................................................................................................5

    I.    Plaintiff Relies on Impermissible Group Pleading and Fails to Allege Infringing Acts by Mahomes and Kelce ..................................................5

    II.    This Court Lacks Personal Jurisdiction Over Mahomes and Kelce ........9

        A.    CPLR § 302(a)(1) .....................................................................11

        B.    CPLR § 302(a)(3)(ii)................................................................15

            1.    Plaintiff Has Not Alleged Any "Tortious Act" By Mahomes or Kelce .......................................................15

            2.    Plaintiff Has Not Alleged That Mahomes or Kelce Expected Any Conduct to Have Consequences in New York .......................................................................17

        C.    Plaintiff Has Not Established that the Exercise of Jurisdiction over Mahomes and Kelce Would Comport with Fourteenth Amendment Due Process..........................................19

    III.    The Southern District of New York Is Not a Proper Venue for Plaintiff's Claims ..................................................................................22

CONCLUSION..................................................................................................................24

i

# TABLE OF AUTHORITIES

**Cases**                                                                                                              **Page(s)**

*AMPA Ltd. v. Kentfield Capital LLC*,
   No. 00-cv-0508 (NRB), 2001 WL 204198 (S.D.N.Y. Mar. 1, 2001)......................................14

*Atl. Recording Corp. v. Project Playlist, Inc.*,
   603 F. Supp. 2d 690 (S.D.N.Y. 2009)...................................................................................23

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
   493 F.3d 87 (2d Cir. 2007)....................................................................................................5

*Atuahene v. City of Hartford*,
   10 F. App'x 33 (2d Cir. 2001) ...............................................................................................5

*Barberan v. Nationpoint*,
   706 F. Supp. 2d 408 (S.D.N.Y. 2010)..................................................................................17

*Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp.*,
   667 F. Supp. 3d 83 (S.D.N.Y. 2023)...............................................................9, 10, 11, 13

*Berdeaux v. OneCoin Ltd.*,
   561 F. Supp. 3d 379 (S.D.N.Y. 2021)............................................................................12, 15

*Best Van Lines, Inc. v. Walker*,
   490 F.3d 239 (2d Cir. 2007)................................................................................................20

*Bissonnette v. Podlaski*,
   138 F. Supp. 3d 616 (S.D.N.Y. 2015)............................................................................17, 18

*Boyce v. Cycle Spectrum, Inc.*,
   148 F. Supp. 3d 256 (E.D.N.Y. 2015) .................................................................................18

*Bristol-Myers Squibb Co v. Superior Court of Calif., San Francisco Cnty.*,
   582 U.S. 255 (2017)...............................................................................................10, 20

*Buccellati Holding Italia SPA v. Laura Buccellati, LLC*,
   935 F. Supp. 2d 615 (S.D.N.Y. 2013)............................................................................17, 18

*Burger King Corp. v. Rudzewicz*,
   471 U.S. 462 (1985)..............................................................................................................21

*Calder v. Jones*,
   465 U.S. 783 (1984)..............................................................................................................20

*Caplan v. Dollinger*,
   803 F. Supp. 3d 219 (S.D.N.Y. 2025).................................................................................9

*Chanel, Inc. v. Shiver and Duke LLC*,
No. 21-cv-01277 (MKV), 2022 WL 3868113 (S.D.N.Y. Aug. 30, 2022)..........................14, 23

*Chattanoga Mfg., Inc. v. Nike, Inc.*,
140 F. Supp. 2d 917 (N.D. Ill. 2001), *aff'd as modified*, 301 F.3d 789 (7th Cir.
2002) ......................................................................................................................................16

*Colliton v. Cravath, Swaine & Moore LLP*,
No. 08 Civ 0400 (NRB), 2008 WL 4386764 (S.D.N.Y. Sep. 24, 2008), *aff'd*,
356 F. App'x 535 (2d Cir. 2009) ............................................................................................8

*Corbishley v. Napolitano*,
No. 20-CV-7445 (VSB), 2020 WL 6157103 (S.D.N.Y. Oct. 21, 2020) ...........................23-24

*Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd.*,
978 F. Supp. 520 (S.D.N.Y. 1997) ...................................................................................18-19

*Creative Photogs., Inc. v. Grupo Televisa, S.A.B.*,
763 F. Supp. 3d 618 (S.D.N.Y. 2025)..........................................................................9, 11, 13

*Crescent Publ'g Grp. v. Am. Video Corp.*,
No. 93 CIV. 5896 (LLS), 1996 WL 143928 (S.D.N.Y. Mar. 29, 1996)...........................22, 23

*Daniel v. Am. Bd. of Emergency Med.*,
428 F.3d 408 (2d Cir. 2005).................................................................................................22

*DiFolco v. MSNBC Cable L.L.C.*,
622 F.3d 104 (2d Cir. 2010)...................................................................................................6

*DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*,
747 F.3d 145 (2d Cir. 2014).............................................................................................9, 16

*Freeplay Music v. Dave Arbogast Buick-GMC, Inc.*,
No. 16 Civ. 442 (NRB), 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017)...................................15

*FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*,
No. 16 Civ. 5263 (AKH), 2017 WL 3600425 (S.D.N.Y. Aug. 18, 2017)..............................12

*G.F.C. Fashions, LTD v. Goody's Family Clothing, Inc.*,
No. 97 Civ. 0730(LAP), 1998 WL 78292 (S.D.N.Y. Feb. 24, 1998).....................................23

*Garcia v. Dezba Asset Recovery, Inc.*,
665 F. Supp. 3d 390, 396-97 (S.D.N.Y. 2023) .......................................................................6

*Gerstle v. Nat'l Credit Adjusters, LLC*,
76 F. Supp. 3d 503 (S.D.N.Y. 2015)................................................................................14, 15

*Gulf Ins. Co. v. Glasbrenner*,
    417 F.3d 353 (2d Cir. 2005)........................................................................................22

*Guo Jin v. EBI, Inc.*,
    No. 05CV4201(NGG)(SMG), 2008 WL 896192 (E.D.N.Y. Mar. 31, 2008).........................19

*Hau Yin To v. HSBC Holdings, PLC*,
    700 F. App'x 66 (2d Cir. 2017) ...................................................................................11

*Hirsch v. Arthur Andersen & Co.*,
    72 F.3d 1085 (2d Cir. 1995)................................................................................... 16-17

*Int'l Shoe v. Washington*,
    326 U.S. 310 (1945)...................................................................................................20

*JDM Imp. Co. v. Shree Ramkrishna Exports Pvt., Ltd.*,
    No. 20-CV-8759 (VEC), 2021 WL 5450237 (S.D.N.Y. Nov. 19, 2021) .........................20, 21

*Kreutter v. McFadden Oil Corp.*,
    71 N.Y.2d 460 (1988) ................................................................................................14

*Lepore v. NL Brand Holdings LLC*,
    No. 16-Civ.08115 (GBD), 2017 U.S. Dist. LEXIS 163035 (S.D.N.Y. Sep. 28,
    2017) ........................................................................................................................6

*Lopez v. Bonanza.com, Inc.*,
    No. 17 Civ. 8493 (LAP), 2019 WL 5199431 (S.D.N.Y. Sep. 30, 2019)...........................7, 16

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.*,
    84 F.3d 560 (2d Cir. 1996).......................................................................................10, 21

*Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*,
    No. 12 CIV. 2837 KBF, 2012 WL 6082387 (S.D.N.Y. Dec. 3, 2012), *aff'd*,
    530 F. App'x 19 (2d Cir. 2013) .................................................................................5, 6, 7

*Paige v. Digital Bus. Networks All., Inc.*,
    No. 24-CV-3169 (KMK), 2026 WL 880549 (S.D.N.Y. Mar. 31, 2026)............................8, 17

*Pilates, Inc. v. Current Concepts Kenneth Endelman*,
    No. 96 CIV. 0043 (MGC), 1996 WL 599654 (S.D.N.Y. Oct. 18, 1996) ...............................14

*Plusgrade L.P. v. Endava Inc.*,
    No. 1:21-cv-1530 (MKV), 2023 WL 2402879 (S.D.N.Y. March 8, 2023)..............................5

*Red Rock Sourcing LLC v. JGX LLC*,
    No. 21 CIV. 1054 (JPC), 2024 WL 1243325 (S.D.N.Y. Mar. 22, 2024) ................................7

*Royalty Network Inc. v. Dishant.com, LLC,*
    638 F. Supp. 2d 410 (S.D.N.Y. 2009)................................................................11, 18

*Seldon v. Direct Response Techs., Inc.,*
    No. 03 Civ. 5381(SAS), 2004 WL 691222 (S.D.N.Y. Mar. 31, 2004) ...................................18

*Shepperson v. Greenwood Motor Lines, Inc.,*
    No. 1:23-cv-09097 (GHW) (SDA), 2024 WL 967438 (S.D.N.Y. Mar. 6, 2024)...................23

*Shostack v. Diller,*
    No. 15-CV-2255 (GBD)(JLC), 2015 WL 5535808 (S.D.N.Y. Sep. 16, 2015) .................13, 14

*Sinclair & Wilde, Ltd. v. Barer Holding Co.,*
    792 F. Supp. 3d 521 (S.D.N.Y. 2025)...................................................................23

*In re Ski Train Fire in Kaprun, Austria,*
    343 F. Supp. 2d 208 (S.D.N.Y. 2004)...................................................................10

*Soter Techs., LLC v. IP Video Corp.,*
    523 F. Supp. 3d 389 (S.D.N.Y. 2021).....................................................................7

*In re SSA Bonds Antitrust Litig.,*
    420 F. Supp. 3d 219 (S.D.N.Y. 2019)...................................................................21

*Sullivan v. Ringling Coll. of Art & Design, Inc.,*
    No. 19-CV-1302 (RA), 2019 WL 6529823 (S.D.N.Y. Dec. 4, 2019) ...................................17

*In re Terrorist Attacks on Sept. 11, 2011,*
    714 F.3d 659 (2d Cir. 2013)..............................................................................10

*Wego Chem. & Min. Corp. v. Magnablend Inc.,*
    945 F. Supp. 2d 377 (E.D.N.Y. 2013) ............................................................21, 22

*Wolo Mfg. Corp. v. ABC Corp.,*
    349 F. Supp. 3d 176 (E.D.N.Y. 2018) ............................................................12, 16

*Zanotti v. Invention Submission Corp.,*
    No. 18-cv-5893 (NSR), 2020 WL 2857304 (S.D.N.Y. June 2, 2020)....................................19

**Statutes**

15 U.S.C. § 1114....................................................................................................16

28 U.S.C. § 1391....................................................................................................23

28 U.S.C. § 1391(b)(2) ............................................................................................22

28 U.S.C. § 1404....................................................................................................23

N.Y. Gen. Bus. Law § 349.......................................................................................................2

**Other Authorities**

CPLR. § 302...................................................................................................................10, 19

CPLR § 302(a)(1) ....................................................................................................10, 11, 15

CPLR § 302(a)(3) ..................................................................................................................20

CPLR § 302(a)(3)(ii)................................................................................................... *passim*

Fed. R. Civ. P. 8.....................................................................................................................5

Fed. R. Civ. P. 12(b)(2)......................................................................................................1, 9

Fed. R. Civ. P. 12(b)(3)...........................................................................................................1

Fed. R. Civ. P. 12(b)(6)..................................................................................................1, 6, 7, 9

Defendants Patrick Mahomes II ("Mahomes") and Travis Kelce ("Kelce") respectfully submit this memorandum of law in support of their motion, pursuant to Fed. R. Civ. P. 12(b)(2), (b)(3) and (b)(6), for an Order dismissing the Second Amended Complaint filed by Plaintiff 1587 Sneakers, Inc. ("Plaintiff") with prejudice.

## PRELIMINARY STATEMENT

It has been evident from the outset of this case that Plaintiff's claims against Mahomes and Kelce suffer from fundamental defects requiring dismissal at the pleading stage.  Within days of Plaintiff filing its initial Complaint, this Court raised concerns about both personal jurisdiction and venue that, to this day, have not been cured—and cannot be cured.  Plaintiff has since filed two amended pleadings attempting to justify haling two professional football players who reside outside New York into this District in connection with their indirect investments in a single-location Kansas City-based restaurant.  But those amended pleadings still fall far short of satisfying Plaintiff's burden to state a claim against Mahomes and Kelce, establish personal jurisdiction over them, or demonstrate this Court is a proper venue.

As an initial matter, Plaintiff's Second Amended Complaint ("SAC") is replete with improper group pleading. Plaintiff's repeated allegations regarding "Defendants"—an undifferentiated group of seven distinct parties with varying relationships and domiciles—fail to set forth any conduct by Mahomes or Kelce connecting them to this forum, let alone any conduct that constitutes infringement of Plaintiff's "1587" mark.  The only allegations even arguably specific to Mahomes or Kelce are that their jersey numbers inspired the numerical portion of the 1587 PRIME mark and that they promoted it on social media.  Such sparse allegations do not state a claim for trademark infringement.

Plaintiff has likewise failed to establish that this Court has personal jurisdiction over either Kelce or Mahomes.  The SAC does not allege any volitional act by Mahomes or Kelce directed at

New York, nor any transaction in which either personally engaged with New York consumers, nor any other conduct by them purposefully directed at this State or foreseeably causing harm here. Plaintiff's allegation that Mahomes and Kelce regularly participate in national advertising campaigns is insufficient to establish any purposeful connection to New York, as required by New York's long-arm statute and Fourteenth Amendment due process.

Finally, it has long been held that the proper venue for an action is dictated not by a plaintiff's location—the sole basis on which Plaintiff here attempts to establish venue—but by a defendant's alleged conduct. In trademark cases, that means venue is generally proper where (i) a substantial amount of allegedly infringing goods were sold to consumers; (ii) allegedly infringing labels were affixed; or (iii) where the defendant allegedly directed advertising and marketing activities. The SAC lacks any such allegations connecting Mahomes or Kelce to any such conduct, let alone in this District.

Quite simply, Mahomes and Kelce's motion should be granted, and, given Plaintiff's repeated pleading failures, its claims against them should be dismissed with prejudice.

## STATEMENT OF FACTS

### A.    PLAINTIFF'S INSUFFICIENT ALLEGATIONS

Plaintiff is a shoe company based in Manhattan. SAC ¶¶ 1, 11. It contends that the alleged use of the name 1587 PRIME by "Defendants" in connection with a single restaurant operated in Kansas City, Missouri gives rise to trademark infringement and other related causes of action under the Lanham Act and New York's Unfair Trade Practices statute, GBL § 349. *Id.* ¶¶ 14, 57, 64-89.

Defendant 1587 Prime KC, LLC operates the aforementioned Kansas City restaurant, and Plaintiff alleges that it is responsible for the related "e-commerce platform." *Id.* ¶¶ 14, 29. However, Exhibit A to the SAC indicates that a separate entity, Sandlot Goods, handles the online

sale and processing of 1587 PRIME-branded merchandise. *Id.* ¶ 21, Ex. A; *see* Am. Compl. (ECF No. 9, "AC") ¶ 21.

Plaintiff alleges that Patrick Mahomes II, the quarterback for the Kansas City Chiefs with jersey number 15, and Travis Kelce, a tight end for the Kansas City Chiefs with jersey number 87, are members and managers of 1587 Prime KC, LLC. *See* SAC ¶¶ 12, 13. It further summarily alleges that by virtue of these alleged positions, Mahomes and Kelce exert "control" over the LLC's operations. *Id.* ¶¶ 12, 13, 41.

Plaintiff identifies several other entities which and people whom also allegedly control 1587 Prime KC, LLC. Plaintiff alleges that defendant 1587 Prime Holdings, LLC is the parent company to 1587 Prime KC, LLC, *id.* ¶ 14, which it alleges, in turn, is wholly owned by defendant Noble 33 Holdings, LLC. *Id.* ¶ 18. Plaintiff states that Noble 33 Holdings, LLC, by virtue of its position in the corporate chain, "directed and controlled the commercial activities of the enterprise." *Id.* ¶ 18. Plaintiff characterizes this corporate chain as "a structure of common ownership and control that runs from the enterprise's apex through its operating entity." *Id.* Plaintiff, however, does not allege that either Mahomes or Kelce play any role, or have any connection, with these other entities. *Id.*

Critically, Plaintiff does not allege that either Mahomes or Kelce created the 1587 PRIME mark. It instead alleges that the players merely served as the inspiration for the mark because it "was built upon and around" their jersey numbers, and that they market and promote goods and services under the 1587 PRIME mark across the country, online and through social media. *Id.* ¶¶ 12, 13. Plaintiff does not identify any efforts by Mahomes or Kelce to specifically target consumers in New York (as opposed to consumers in other jurisdictions), but rather alleges that it

3

was able to purchase 1587 PRIME-branded merchandise and have it shipped to New York. *Id.* ¶ 14, 29.

### B.    THE TRUE NATURE OF MAHOMES AND KELCE'S CONNECTION TO 1587 PRIME

Plaintiff's allegations of control by Mahomes and Kelce over 1587 Prime KC, LLC are inaccurate. Neither Mahomes nor Kelce are members of 1587 Prime KC, LLC. *See* Declaration of Mahdiar Karamooz (ECF No. 30, "Karamooz Decl.") ¶¶ 21-23. Rather, Mahomes is a member of 2 PM Hospitality, LLC, a Texas limited liability company, while Kelce is a member of a limited liability company that in turn serves as member and manager of Noble 33 InvestCo LLC, an Ohio limited liability company. *See* Declaration of Frank D'Angelo ("D'Angelo Decl."), Exs. 1 & 2. It is 2 PM Hospitality, LLC and Noble 33 InvestCo LLC that are members of 1587 Prime KC, LLC. *Id.* As set forth in the Operating Agreement for 1587 Prime KC, LLC, only its manager— which is not 2 PM Hospitality, LLC or Noble 33 InvestCo LLC—has control over 1587 Prime KC, LLC. *Id.*, Ex. 3 at §§ 3.7, 3.8, 4.1.

### C.    PLAINTIFF HAS HAD SEVERAL OPPORTUNITIES TO PERFECT ITS PLEADING

The barebones and boilerplate allegations against Mahomes and Kelce in the SAC represent Plaintiff's *third attempt* at asserting a claim against them. Ever since the initial Complaint, this Court has been skeptical of its jurisdiction and whether venue is proper. Upon filing the Complaint, Plaintiff filed an emergency motion seeking a temporary restraining order. (ECF No. 3.) Several days later, and before any defendant opposed Plaintiff's motion, the Court issued a decision stating: "At the threshold, the complaint…has not made clear that this Court has personal jurisdiction over the defendants, nor is it by any means clear that venue lies in this district." (ECF No. 4.) Plaintiff moved for reconsideration (ECF No. 8) and shortly thereafter filed the AC. The Court denied Plaintiff's motion for reconsideration—again without opposition—

4

noting that Plaintiff's motion failed to address the Court's jurisdictional concerns and that the AC also failed to address those issues. (ECF No. 11.)

Thereafter, several defendants, including Mahomes and Kelce, submitted pre-motion letters to the Court outlining grounds for their anticipated motions to dismiss the AC. (ECF Nos. 15 & 16.) With these jurisdictional arguments in hand, Plaintiff filed the SAC. Despite the Court's expressed concern for personal jurisdiction, and despite Defendants having cataloged the shortcomings of Plaintiff's pleadings, all Plaintiff has mustered against Mahomes and Kelce are the same conclusory allegations set forth above.

## **ARGUMENT**

### I. PLAINTIFF RELIES ON IMPERMISSIBLE GROUP PLEADING AND FAILS TO ALLEGE INFRINGING ACTS BY MAHOMES AND KELCE

Rule 8 of the Federal Rules of Civil Procedure "requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of Hartford,* 10 F. App'x 33, 34 (2d Cir. 2001) (citation omitted). To survive a motion to dismiss, a pleading must set forth "factual allegations sufficient 'to raise a right to relief above the speculative level'" for each claim as to each defendant. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That means a plaintiff must detail which defendant engaged in which conduct in order to sustain its pleading burden. *Plusgrade L.P. v. Endava Inc*., No. 1:21-cv-1530 (MKV), 2023 WL 2402879, at \*5 (S.D.N.Y. March 8, 2023); *see Ochre LLC v. Rockwell Architecture Plan. & Design, P.C.*, No. 12 CIV. 2837 KBF, 2012 WL 6082387, at \*6 (S.D.N.Y. Dec. 3, 2012) ("Where a complaint names multiple defendants, that complaint must provide a plausible factual basis to distinguish the conduct of each of the defendants") (citations omitted), *aff'd*, 530 F. App'x 19 (2d Cir. 2013). Where a complaint "lump[s] all the defendants together in each claim and provid[es]

no factual basis to distinguish their conduct," it fails to sufficiently allege a claim and must be dismissed pursuant to Rule 12(b)(6). *Id.*; *see Lepore v. NL Brand Holdings LLC*, No. 16-Civ.08115 (GBD), 2017 U.S. Dist. LEXIS 163035, at *20-21 (S.D.N.Y. Sep. 28, 2017) (group pleading impermissible and mandates dismissal even where defendants may have some corporate affiliation with each other).

The SAC is rife with allegations as to conduct committed by "Defendants," without specifying which defendant allegedly engaged in which acts. *See* SAC ¶¶ 8-9, 40, 42-59, 64-68, 72-79, 84-88. Plaintiff does not do so because the defendants engaged in every alleged act together. Rather, it is the product of imprecise pleading and a thinly-veiled attempt to impute other defendants' alleged acts to Mahomes and Kelce. For example, Plaintiff alleges that it corresponded with "Defendants" upon learning that "Defendants" were using the 1587 PRIME mark and that, despite Plaintiff's "warnings," the "defendants persisted" in such use. *Id.* ¶¶ 8-9, 54-56. However, the referenced correspondence and warnings were sent exclusively to the other defendants—not to Mahomes, Kelce, or their representatives, as copies of the communications themselves establish. *See, e.g.*, D'Angelo Decl, Ex. 5.[1]

Mahomes and Kelce should not be left to guess what Plaintiff's claims are against them, especially given that Plaintiff has already had three separate opportunities to try to provide

---

[1] Because the SAC discusses Plaintiff's correspondence, it is considered incorporated by reference into the SAC and may be considered in connection with Mahomes and Kelce's motion to dismiss. *See DiFolco v. MSNBC Cable L.L.C.,* 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint."); *Garcia v. Dezba Asset Recovery*, *Inc.*, 665 F. Supp. 3d 390, 396-97 (S.D.N.Y. 2023) ("Generally, a court may incorporate documents referenced where (1) [the] plaintiff relies on the materials in framing the complaint, (2) the complaint clearly and substantially references the documents, and (3) the document's authenticity or accuracy is undisputed").

6

sufficient information.  Plaintiff's continued reliance on improper group pleading mandates the dismissal of the SAC with prejudice.  *See Ochre LLC,* 2012 WL 6082387, at *7 (dismissing claims with prejudice where plaintiff continued to engage in group pleading after having amended pleading); *see also Red Rock Sourcing LLC v. JGX LLC,* No. 21 CIV. 1054 (JPC), 2024 WL 1243325, at *25 (S.D.N.Y. Mar. 22, 2024) (dismissing claims asserted against a defendant stemming from distribution of counterfeit products, for plaintiff's failure to allege the defendant's "specific role, if any" in the overall scheme)*; Soter Techs., LLC v. IP Video Corp*., 523 F. Supp. 3d 389, 412-13 (S.D.N.Y. 2021) (dismissing trademark infringement claims asserted against defendants where plaintiff failed to provide allegations specifically setting forth how particular defendants had involvement with the infringing conduct); *Lopez v. Bonanza.com, Inc*., No. 17 Civ. 8493 (LAP), 2019 WL 5199431, at *10 n.20 (S.D.N.Y. Sep. 30, 2019) (stating dismissal pursuant to Rule 12(b)(6) was proper for the plaintiff's reliance on group pleading and corresponding failure to provide any specific facts explaining how particular defendants ever used any of the plaintiff's trademarks).

Independently, insofar as Plaintiff's claims against Mahomes and Kelce are based upon allegations against "Defendants" generally, those claims should be dismissed because they are contradicted by Plaintiff's other allegations.

For example, Plaintiff asserts that "Defendants" operate "a highly interactive commercial e-commerce platform through which they accept orders from New York consumers, process payments from New York billing addresses, issue order confirmation emails to New York customers, and commit to shipping goods bearing the accused infringing marks to New York delivery addresses."  SAC ¶ 21.  Putting aside the implausibility of alleging that professional football players would personally process and ship online orders of merchandise, this allegation is

7

contradicted by Exhibit A to the SAC, which indicates that Plaintiff's order for 1587 PRIME merchandise was placed with and processed by the third party Sandlot Goods—not Mahomes or Kelce. *See* SAC Ex. A. In fact, in its previous pleading (the AC), Plaintiff even conceded that Sandlot Goods was the "operator" of, and "fulfillment vendor" for, the relevant e-commerce platform. AC ¶ 21. Plaintiff later removed that admission from the SAC (presumably in response to the arguments asserted by the defendants in their pre-motion letters) and in an attempt to obfuscate the jurisdictional issues in this case. Given Plaintiff's attempts to evade its prior admissions, this Court should not credit Plaintiff's allegations in the SAC to the contrary. *See Paige v. Digital Bus. Networks All., Inc.,* No. 24-CV-3169 (KMK), 2026 WL 880549, at *12, *13 (S.D.N.Y. Mar. 31, 2026) ("where allegations in an amended pleading 'directly contradict' pleadings in the original complaint, courts have disregarded the amended pleading"); *Colliton v. Cravath, Swaine & Moore LLP,* No. 08 Civ 0400 (NRB), 2008 WL 4386764, at *6 (S.D.N.Y. Sep. 24, 2008) (Buchwald, J.) ("Where a 'plaintiff blatantly changes his statement of the facts in order to respond to the defendant['s] motion to dismiss ... [and] directly contradicts the facts set forth in his original complaint,' a court is authorized 'to accept the facts described in the original complaint as true'"), *aff'd*, 356 F. App'x 535 (2d Cir. 2009).

Plaintiff's allegation that "Defendants" collectively operate the e-commence platform at issue is also contradicted by its allegation elsewhere in the SAC that it is 1587 Prime KC, LLC—and 1587 Prime KC, LLC alone—which is "*the* entity that operated the e-commerce platform" at issue. SAC ¶ 29 (emphasis added). Although Plaintiff alleges that "Defendants are organized in a single vertically integrated chain of common ownership and control" with 1587 Prime KC, LLC, Plaintiff also admits that Mahomes and Kelce do not exist within this "chain" insofar as it alleges the placement of all defendants within that chain *except for Mahomes and Kelce*. *Id*. ¶ 30.

Thus, the Court must disregard allegations that Mahomes and Kelce, as "Defendants," either operated the e-commence platform at issue or exist within the same chain of ownership and control as the other defendants, because such generalized undifferentiated allegations are directly contradicted by other, more specific allegations in the SAC. *See DPWN Holdings (USA), Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151 (2d Cir. 2014) ("Although factual allegations of a complaint are normally accepted as true on a motion to dismiss, that principle does not apply to general allegations that are contradicted 'by more specific allegations in the Complaint.'").

In sum, because SAC is wholly unclear as to what conduct Mahomes and Kelce are alleged to have engaged in, the claims against them must be dismissed under Federal Rule of Civil Procedure 12(b)(6).

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER MAHOMES AND KELCE

When faced with a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), a "'plaintiff is required to establish personal jurisdiction separately over each defendant,' … and 'with respect to each claim asserted.'" *Caplan v. Dollinger*, 803 F. Supp. 3d 219, 230 (S.D.N.Y. 2025). In assessing a plaintiff's allegations, a court may consider declarations and exhibits challenging the veracity of the allegations, though all materials must be construed in a light most favorable to the plaintiff. *See Creative Photogs., Inc. v. Grupo Televisa, S.A.B.*, 763 F. Supp. 3d 618, 629 (S.D.N.Y. 2025). Nevertheless, a plaintiff cannot rely upon conclusory, purely legal or "non-fact-specific" allegations to carry their burden, and a court need not credit contradictory allegations within the plaintiff's pleading. *Bayshore Cap. Advisors, LLC v. Creative Wealth Media Fin. Corp*., 667 F. Supp. 3d 83, 116 (S.D.N.Y. 2023) (citation omitted); *see In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (court need not "accept as true a legal conclusion couched as a factual allegation"). In addition, a

9

court is prohibited from drawing "argumentative inferences in the plaintiff's favor." *In re Terrorist Attacks on Sept. 11, 2011*, 714 F.3d at 673.

A plaintiff must sustain its burden across a demanding two-step inquiry. *See Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567 (2d Cir. 1996). First, the plaintiff must establish that jurisdiction exists under New York's long-arm statute, CPLR. § 302.[2] *Id.* Second, the plaintiff must demonstrate that the court's exercise of jurisdiction comports with the requirements of due process under the Fourteenth Amendment. *Id.* A plaintiff must satisfy both prongs of the jurisdictional inquiry as to *each* defendant. *Bristol-Myers Squibb Co v. Superior Court of Calif., San Francisco Cnty.*, 582 U.S. 255, 268 (2017); *see Bayshore Cap. Advisors, LLC*, 667 F. Supp. 3d at 139 ("To allege personal jurisdiction over a defendant, group pleading is not permitted. Instead, the plaintiff is required to establish personal jurisdiction separately over each defendant."). The failure to satisfy both the requirements of the long-arm statute and due process—as is the case with Plaintiff's claims here—is fatal to a plaintiff's claim against every defendant as to which plaintiff's allegations fall short. *See In re Ski Train Fire in Kaprun, Austria*, 343 F. Supp. 2d 208, 213 (S.D.N.Y. 2004) ("A court is obligated to dismiss an action against a defendant over which it has no personal jurisdiction.").

Plaintiff alleges personal jurisdiction over Mahomes and Kelce solely pursuant to CPLR § 302(a)(1) and CPLR § 302(a)(3)(ii). SAC ¶¶ 21, 23. Its allegations fail as to both grounds.

---

[2] Plaintiff does not allege this Court has general jurisdiction over Mahomes or Kelce, nor can it, since Plaintiff alleges that they are not domiciled in New York. *See* SAC ¶¶ 12, 13. Accordingly, jurisdiction in this Court is only proper if Plaintiff adequately alleges a basis for specific jurisdiction.

A.    **CPLR § 302(a)(1)**

CPLR 302(a)(1) extends jurisdiction over a defendant that has "transacted business" in New York where plaintiff's asserted claim arises from that particular transaction. *See* CPLR § 302(a)(1); *Creative Photogs.,* 763 F. Supp. 3d at 631. A defendant transacts business in New York for purposes of this provision only "when 'on his or her own initiative, the non-domiciliary projects himself or herself into [the] state to engage in a sustained and substantial transaction of business.'" *Bayshore Cap. Advisors*, 667 F. Supp. 3d at 138; *see Royalty Network Inc. v. Dishant.com, LLC,* 638 F. Supp. 2d 410, 418 (S.D.N.Y. 2009) (purposeful activities "are those with which a defendant, through *volitional* acts, avails itself of the privilege of conducting activities within [New York], thus invoking the benefits and protections of its laws") (emphasis added; citation omitted).  This occurs where the defendant "seeks out and initiates contact with New York, solicits business in New York, and establishes a continuing relationship." *Hau Yin To v. HSBC Holdings, PLC*, 700 F. App'x 66, 67 (2d Cir. 2017)  (citation and internal quotation marks omitted).

Plaintiff has alleged no acts by Mahomes or Kelce which satisfy this standard.  As the *sole* basis for jurisdiction under CPLR 302(a)(1), Plaintiff alleges that "Defendants"—as an undifferentiated group—have "transacted business within New York State by operating a highly interactive commercial e-commerce platform through which they accept orders from New York consumers, process payments from New York billing addresses, issue order confirmation emails to New York customers, and commit to shipping goods bearing the accused infringing marks to New York delivery addresses." SAC ¶ 21.  Critically absent from this allegation—or anywhere else in the SAC—is any description of the role Mahomes or Kelce allegedly played in relevant e-commerce transactions.  Plaintiff cannot establish personal jurisdiction over Mahomes or Kelce without allegations specific to them. *See, e.g., Berdeaux v. OneCoin Ltd*., 561 F. Supp. 3d 379,

397 (S.D.N.Y. 2021) ("Plaintiffs often attempt to extend an allegation levied against one particular Defendant to the remaining Defendants in the group, seemingly without any basis for doing so, absent speculative and conclusory allegations...This tactic is plainly impermissible to satisfy Plaintiffs' burden to establish a prima facie case of personal jurisdiction against *each* Defendant as to *each* claim asserted") (emphasis original); *FrontPoint Asian Event Driven Fund, L.P. v. Citibank, N.A.*, No. 16 Civ. 5263 (AKH), 2017 WL 3600425, at *6 (S.D.N.Y. Aug. 18, 2017) (plaintiff failed to establish personal jurisdiction because it failed to allege how each defendant participated in the transaction purportedly giving rise to the action); *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195 (E.D.N.Y. 2018) ("[The] plaintiff's conclusory and vague allegations in the amended complaint, which generally refer to 'defendants' in the plural and fail to describe [the individual defendant's] specific role ... in the [underlying acts], are insufficient to demonstrate [the individual defendant's] personal involvement in ... the alleged misconduct.").

Plaintiff effectively acknowledges that Mahomes and Kelce had no personal involvement in the e-commerce transactions at issue: it alleges that defendant 1587 Prime KC, LLC is responsible for such transactions and that its activities should merely be imputed to Mahomes and Kelce because the players are purportedly "member[s] and manager[s]" of that LLC.  SAC ¶¶ 12, 13. As an initial matter, as noted above, this allegation is contradicted by Plaintiff's previous complaint and by Ex. A to the SAC—both of which acknowledge that third-party Sandlot Goods operates the e-commerce platform at issue—and the allegation should be disregarded for this reason alone. *See supra* at 7-9.

But, even if the Court is inclined to consider this allegation, it is wrong both as a factual and legal matter.  Factually, neither Mahomes nor Kelce is a member or manager of 1587 Prime KC, LLC.  Karamooz Decl. ¶¶ 21-23.  Rather, Mahomes is a member of a third-party LLC which

12

is itself a member of 1587 Prime KC, LLC.  D'Angelo Decl. Ex. 1.  Likewise, Kelce is a member of a third-party LLC which in turn, is a member of 1587 Prime KC, LLC.  *Id.*, Ex. 2.  As 1587 Prime KC, LLC's Operating Agreement makes clear, its manager is 1587 Prime Holdings, LLC— not  Mahomes or Kelce.  That  Operating  Agreement also makes clear that 1587 Prime Holdings, LLC, as manager, is the only entity with any control over 1587 Prime KC, LLC.  *Id*., Ex. 3 at 3.7, 3.8 and 4.1.[3]  Thus, Plaintiff seeks for the Court to disregard *two or three separate layers* of legal entities to extend jurisdiction over Mahomes and Kelce.  Such flagrant disregard of the corporate form, on the basis of bare and inaccurate allegations, is plainly inappropriate, and Plaintiff's jurisdictional arguments fail for this reason alone.  *See Creative Photogs,* 763 F. Supp. at 624, 629; *Bayshore Cap. Advisors*, 667 F. Supp. 3d at 116.

In any event, even assuming arguendo that Mahomes and Kelce were members or managers of 1587 Prime KC, LLC (which they are not), their mere status as such would be insufficient to impute any jurisdictional contacts of 1587 Prime KC, LLC to them.  *See Shostack v. Diller*, No. 15-CV-2255 (GBD)(JLC), 2015 WL 5535808, at *4-5 (S.D.N.Y. Sep. 16, 2015) ("it is well-settled that 'a general allegation that an officer controls a corporation is not sufficient to establish personal jurisdiction'") (citation omitted).  As Plaintiff's legal authority establishes (*see* SAC ¶ 28), a court may impute a corporate entity's jurisdictional contacts to an individual *only* when the individual is alleged to be the "primary actor" in the relevant New York transaction.  *See Kreutter v. McFadden Oil Corp.*, 71 N.Y.2d 460, 470 (1988) (extending "jurisdiction over an individual who was a primary actor in the transaction with him in New York, not some corporate

---

[3] Although the same third-party LLCs of which Mahomes and Kelce are members are also members of 1587 Prime Holdings, LLC, that entity's Operating Agreement provides that neither Mahomes nor Kelce have any control over 1587 Prime Holdings, LLC.  D'Angelo Decl., Ex. 4 at 7.1(a)-(d).

employee in Texas who played no part in it"); *Chanel, Inc. v. Shiver and Duke LLC*, No. 21-cv-01277 (MKV), 2022 WL 3868113, at *1-2 (S.D.N.Y. Aug. 30, 2022) (imputing LLC contacts to *sole* member and manager of LLC).  To make this showing, a plaintiff must "convince the court that [the corporation] engaged in purposeful activities in this State in relation to [Plaintiff's] transaction for the benefit of and with the knowledge and consent of the [individual defendant] and that [the individual defendant] exercised some control over [the corporation] in the matter." *Shostack*, 2015 WL 5535808, at *4 (quoting *Arma v. Buyseasons, Inc.*, 591 F. Supp. 2d 637, 647 (S.D.N.Y. 2008)); *see AMPA Ltd. v. Kentfield Capital LLC*, No. 00-cv-0508 (NRB), 2001 WL 204198, at *2 (S.D.N.Y. Mar. 1, 2001) (Buchwald, J.) ("individual officers are not subject to personal jurisdiction in New York merely because jurisdiction can be obtained over the corporation").  A plaintiff's "[c]onclusory allegations that the corporate officers exercised control over the corporation by virtue of their title or position within the corporation"—such as Plaintiff's allegations here—"do not suffice," and "courts routinely grant motions to dismiss for lack of personal jurisdiction when the plaintiff relies solely on such vague assertions."  *Shostack*, 2015 WL 5535808, at *5; *see Pilates, Inc. v. Current Concepts Kenneth Endelman*, No. 96 CIV. 0043 (MGC), 1996 WL 599654, at *3 (S.D.N.Y. Oct. 18, 1996) ("a general allegation that an officer controls a corporation is not sufficient to establish personal jurisdiction… Plaintiff must allege personal conduct by the officer related to the transaction or tort which is the basis for the claim.").

For example, in *Gerstle v. Nat'l Credit Adjusters, LLC*, 76 F. Supp. 3d 503 (S.D.N.Y. 2015), the court dismissed claims asserted against the officers of, and investors in, an LLC as well as against the corporation that was alleged to be the "sole manager" of the LLC.  In doing so, the court held that the plaintiff's identical boilerplate allegations against all defendants were "broadly worded and vague" and failed to describe each defendant's particular role in detail, as required to

14

establish jurisdiction. *Id*. at 510. Because the plaintiff failed to allege that each defendant served as the "primary actor" in the matter in question, the court declined to impute any corporate contacts to those defendants and dismissed plaintiff's claims for a lack of personal jurisdiction. *Id.* Plaintiff's similarly deficient allegations here warrant the same outcome.

Accordingly, to the extent Plaintiff's claims against Mahomes and Kelce are grounded in jurisdiction under CPLR § 302(a)(1), they must be dismissed.

**B.      CPLR § 302(a)(3)(ii)**

CPLR § 302(a)(3)(ii) provides that a party is subject to personal jurisdiction in New York if he (1) "commits a tortious act without the state"; (2) "causing injury to person or property within the state"; (3) "expects or should reasonably expect the act to have consequences in the state"; and (4) "derives substantial revenue from interstate or international commerce." N.Y. CPLR § 302(a)(3)(ii); *Freeplay Music v. Dave Arbogast Buick-GMC, Inc.,* No. 16 Civ. 442 (NRB), 2017 WL 449913, at *2 (S.D.N.Y. Jan. 18, 2017). As with its other theory of personal jurisdiction, Plaintiff relies on impermissible group pleading and insufficient conclusory allegations and thus has not met its burden to establish jurisdiction pursuant to this provision of the CPLR.

**1.      PLAINTIFF HAS NOT ALLEGED ANY "TORTIOUS ACT" BY MAHOMES OR KELCE**

From the outset, Plaintiff fails to plead any "tortious act without the state" by Mahomes or Kelce. The only tortious act upon which Plaintiff relies is the allegedly "infringing use of the '1587 PRIME' and '1587' marks" by the undifferentiated group of "Defendants." SAC ¶ 24. Such a bare group pleading does not sustain Plaintiff's prima facie burden. *See Berdeaux*, 561 F. Supp. 3d at 397; *Wolo Mfg.*, 349 F. Supp. 3d at 195. Nor has Plaintiff provided any allegations from which the tortious conduct of any other defendant can be imputed to Mahomes or Kelce. *See supra* 13-14.

15

Although Plaintiff alleges that Mahomes and Kelce "caused the infringement" because the 1587 PRIME mark was "built around" their "numeric identit[ies]," SAC ¶¶ 12, 13, such allegation fails to plead any act committed by the players themselves—as opposed to acts committed by third parties. Such allegation thus fails as a matter of law. *See* 15 U.S.C. § 1114 (cause of action for infringement requires "use in commerce"); *see also Chattanoga Mfg., Inc. v. Nike, Inc.,* 140 F. Supp. 2d 917, 933 n.17 (N.D. Ill. 2001), *aff'd as modified*, 301 F.3d 789 (7th Cir. 2002) (affirming dismissal of infringement claims against Michael Jordan stemming from Nike's use of the JORDAN mark where plaintiff failed to demonstrate that Jordan "personally participate[d] in the manufacture or sale of the infringing article").

Finally, Plaintiff alleges in boilerplate fashion that Mahomes and Kelce "marketed, promoted, and directed sales of goods and services bearing the Accused Mark." SAC ¶¶ 12, 13. But, such a generalized allegation, devoid of any other factual detail, does not satisfy Plaintiff's burden. *See, e.g., Lopez v. Bonanza.com, Inc*., No. 17 Civ. 8493 (LAP), 2019 WL 5199431, at *9 (S.D.N.Y. Sep. 30, 2019) (allegations that defendants marketed and promoted allegedly infringing goods, without more, insufficient to state a claim for trademark infringement). Moreover, and as noted above, this generalized allegation is contradicted by more specific allegations in the SAC that 1587 PRIME KC, LLC—not Mahomes or Kelce—operates the e-commerce platform at issue, and by Plaintiff's Exhibit A and earlier pleading, which both evidence that Sandlot Goods handles the 1587 PRIME merchandise transactions. Thus, even if Plaintiff's "tortious act" allegations were not impermissibly conclusory (which they are), they would still fail as being "contradicted both by more specific allegations in the Complaint…." *Hirsch v. Arthur Andersen & Co*., 72 F.3d 1085, 1095 (2d Cir. 1995); *see DPWN Holdings*, 747 F.3d at 151-52; *Barberan v. Nationpoint*, 706 F. Supp. 2d 408, 424 (S.D.N.Y. 2010).

16

Because Plaintiff has not sufficiently alleged any tortious conduct by Mahomes or Kelce, there can be no jurisdiction pursuant to CPLR § 302(a)(3)(ii).

### 2. PLAINTIFF HAS NOT ALLEGED THAT MAHOMES OR KELCE EXPECTED ANY CONDUCT TO HAVE CONSEQUENCES IN NEW YORK

Independently fatal to Plaintiff's assertion of jurisdiction under CPLR § 302(a)(3)(ii) is Plaintiff's failure to allege that Mahomes or Kelce "expect[ed] or should reasonably [have] expect[ed]" their alleged conduct to have consequences in New York. As Plaintiff acknowledges in the SAC, to carry its burden in this regard, merely alleging the "'foreseeability' of [any] consequences within New York is insufficient." SAC ¶ 26. Instead, a showing of foreseeability "'must be coupled with evidence of a purposeful New York affiliation,' such as a 'discernible effort to directly or indirectly serve the New York market.'" *Bissonnette v. Podlaski*, 138 F. Supp. 3d 616, 626 (S.D.N.Y. 2015). Thus, a plaintiff must establish that defendant's engagement with New York was purposeful and volitional. *See Sullivan v. Ringling Coll. of Art & Design, Inc.*, No. 19-CV-1302 (RA), 2019 WL 6529823, at *6 (S.D.N.Y. Dec. 4, 2019) ("For conduct to be 'reasonably foreseeable,' there must be 'evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market.'") (citation omitted); *Buccellati Holding Italia SPA v. Laura Buccellati, LLC*, 935 F. Supp. 2d 615, 626 (S.D.N.Y. 2013) ("[T]o establish a reasonable expectation of consequences in New York, the plaintiff must show an effort by the defendant to serve the New York market"). Allegations of "[e]xtraneous or coincidental" contacts with the forum are insufficient. *Paige v. Digital Bus. Networks All., Inc.*, No. 24-CV-3169 (KMK), 2026 WL 880549, at *10 (S.D.N.Y. Mar. 31, 2026); *see Boyce v. Cycle Spectrum, Inc.*, 148 F. Supp. 3d 256, 266 (E.D.N.Y. 2015) ("[O]ccasional sales into New York, or awareness of a possibility that a product will find its way into New York, is not sufficient to satisfy this element") (citation omitted).

17

The only allegation regarding this element that is even arguably specific to Mahomes and Kelce is that certain unspecified, "national" advertising campaigns and media appearances "throughout the United States" in which they have participated "regularly reach New York consumers." SAC ¶¶ 12, 13, 26(c). Plaintiff then argues that, on the basis of those unrelated advertising campaigns, Mahomes and Kelce should have anticipated that adopting the 1587 PRIME mark "would have consequences in New York". SAC ¶ 26(c) (emphasis added). On their face, these allegations pertain to "national" activities of which New York is but one piece—and fail to allege any "purposeful New York affiliation," as required by CPLR § 302(a)(3)(ii). *Bissonnette*, 138 F. Supp. 3d at 626. In the absence of any alleged purposeful affiliation with the State, the allegations fail to establish the foreseeability of any consequences in New York. *See, e.g., Buccellati Holding Italia SPA*, 935 F. Supp. 2d at 627 (holding meetings in New York related to national advertising campaigns for allegedly infringing products did not qualify as New York-directed conduct required for personal jurisdiction); *Royalty Network*, 638 F. Supp. 2d at 424-25 (finding no jurisdiction where plaintiff argued nationally available website would have foreseeably caused harm in New York given large population of people likely to use website based in New York); *Seldon v. Direct Response Techs., Inc.*, No. 03 Civ. 5381(SAS), 2004 WL 691222, at *4 (S.D.N.Y. Mar. 31, 2004) ("Where a cause of action arises from a posting on an internet website, the fact that the posting appears on the website in every state will not give rise to jurisdiction in every state. To the contrary, jurisdiction will lie only if the posting is intended to target or focus on internet users in the state where the cause of action is filed."); *Cortlandt Racquet Club, Inc. v. Oy Saunatec, Ltd.,* 978 F. Supp. 520, 525-26 (S.D.N.Y. 1997) (Sotomayor, J.) (rejecting plaintiff's argument that defendant's efforts to target U.S. market as a whole sufficiently established foreseeability as to consequences in New York).

18

Plaintiff's allegation, "[u]pon information and belief," that "Defendants deployed Google AdWords and other paid digital advertising" to serve ads to consumers searching the internet, including consumers in New York, is similarly deficient.  SAC ¶ 26(b).  First, just like Plaintiff's other allegation regarding national ad campaigns, this allegation fails to plead any "purposeful New York affiliation," as required by CPLR § 302(a)(3)(ii).  Second, as noted above, allegations as to "Defendants" generally are insufficient to satisfy Plaintiff's burden to plead jurisdiction over Mahomes and Kelce specifically.  *See supra* at 5-8, 11-12.  Third, jurisdictional allegations made "[u]pon information and belief," such as this one, are insufficient as a matter of law. *See Zanotti v. Invention Submission Corp.,* No. 18-cv-5893 (NSR), 2020 WL 2857304, at *16 (S.D.N.Y. June 2, 2020) (plaintiff failed to sustain burden as to foreseeability in relying upon allegations pled upon "information and belief"); *Guo Jin v. EBI, Inc*., No. 05CV4201(NGG)(SMG), 2008 WL 896192, at *2 (E.D.N.Y. Mar. 31, 2008) ("[c]onclusory allegations showing the presence of jurisdiction, 'particularly those stated only upon "information and belief,"' are insufficient to establish that the court has personal jurisdiction over the defendant").

Thus, even if Plaintiff had sufficiently alleged any tortious act by Mahomes and Kelce (which it has not), the SAC still fails to establish jurisdiction over them because it fails to plead that they could reasonably foresee any allegedly tortious conduct causing consequences in New York.  The claims fail under CPLR § 302(a)(3)(ii) for this independent reason.

C. **PLAINTIFF HAS NOT ESTABLISHED THAT THE EXERCISE OF JURISDICTION OVER MAHOMES AND KELCE WOULD COMPORT WITH FOURTEENTH AMENDMENT DUE PROCESS**

In addition to satisfying the various elements of CPLR § 302, Plaintiff also bears the burden of establishing that the exercise of personal jurisdiction comports with due process.  The Due Process Clause demands that a defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and

19

substantial justice.'"  *Int'l Shoe v. Washington*, 326 U.S. 310, 316 (1945).  If a plaintiff cannot meet its burden on this constitutional principle as to each claim and each defendant, those deficient claims must be dismissed.  *Bristol-Myers Squibb Co.*, 582 U.S. at 268.

When, as here, the alleged conduct that forms the basis for the controversy occurs entirely outside of the forum, the "minimum contacts" inquiry focuses on whether "the defendant has 'purposefully directed' his activities at residents of the forum, and the litigation resulted from alleged injuries that 'arise out of or relate to' those activities."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal citations omitted); *JDM Imp. Co. v. Shree Ramkrishna Exports Pvt., Ltd*., No. 20-CV-8759 (VEC), 2021 WL 5450237, at *7 (S.D.N.Y. Nov. 19, 2021).  The purposeful direction analysis is "roughly analogous" to the analysis for CPLR § 302(a)(3).  *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 254, n.14 (2d Cir. 2007).  A plaintiff must allege: (1) intentional, tortious actions; (2) which were expressly aimed at the forum; (3) that cause harm, the brunt of which is suffered—and which the defendant knows is likely to be suffered—in the forum; and (4) the injuries that are the subject of the litigation arise from or relate to defendant's subject conduct.  *Calder v. Jones*, 465 U.S. 783, 789-90 (1984).  A court's inquiry should focus on the particular defendant's contacts with the forum state; jurisdiction cannot be founded on "random," "fortuitous," or "attenuated contacts" by defendant, nor on the contacts of plaintiff or third parties. *Burger King*, 471 U.S. at 475; *see In re SSA Bonds Antitrust Litig*., 420 F. Supp. 3d 219, 235 (S.D.N.Y. 2019) (inquiry looks to quality and nature of the defendant's contacts).

In connection with its due process burden, Plaintiff cites only Mahomes and Kelce's participation in national advertising campaigns.  SAC ¶ 31.  Yet, such actions, unfocused on New York and wholly unrelated to the conduct underlying Plaintiff's claims, fail to satisfy Plaintiff's heavy due process burden.  *See JDM Imp. Co.*, 2021 WL 5450237, at *7 (due process requires

20

meaningful connection between forum and defendants' suit-related conduct); *In re SSA Bonds Antitrust Litig.*, 420 F. Supp. at 235 (effects test "requires that plaintiffs show that the defendants' conduct was intentional and expressly aimed at the forum state with the knowledge that substantial injury would be felt there").  To the extent Plaintiff relies on the same allegations underlying its CPLR 302(a)(3) argument, those allegations fail for the same reasons explained above.  *See supra* at 17-18.

It is only if a plaintiff sufficiently establishes the requisite degree of contact with the forum that a court must assess if the exercise of jurisdiction is also "reasonable."  *See Metro. Life Ins*, 84 F.3d at 568.  Plaintiff's burden to establish the reasonableness of extending jurisdiction is directly related to the strength of plaintiff's showing on minimum contacts: the lesser the showing of minimum contacts, the more a plaintiff must demonstrate that the exercise of jurisdiction is reasonable.  *Wego Chem. & Min. Corp. v. Magnablend Inc.*, 945 F. Supp. 2d 377, 385 (E.D.N.Y. 2013).  Because Plaintiff has not sustained its burden on the long-arm statute or in establishing minimum contacts for due process purposes, the Court need not engage in an analysis of whether the exercise of jurisdiction is reasonable.  Nevertheless, to the extent the Court does engage in such analysis, because Plaintiff does not allege any significant purposeful direction of activity towards New York by Mahomes or Kelce, Plaintiff must make a heightened showing that the exercise of jurisdiction over them is reasonable.  *See  id.*  Plaintiff has not met this burden, nor would it ever be able to do so.  *Id.* at 385-86 (unreasonable to extend personal jurisdiction, and thus violative of due process, where defendant had limited contact with forum).  For this reason as well, Plaintiff's claims against Mahomes and Kelce must be dismissed.

21

### III.    THE SOUTHERN DISTRICT OF NEW YORK IS NOT A PROPER VENUE FOR PLAINTIFF'S CLAIMS

Plaintiff asserts that venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1391(b)(2) simply because Plaintiff is based in the District.  However, 28 U.S.C. § 1391(b)(2) states that venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  The Second Circuit has cautioned that courts must "take seriously the adjective 'substantial'" and "construe the venue statute strictly."  *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 356-57 (2d Cir. 2005).  Thus, a plaintiff must allege "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question," with the proper focus being the activities *of the defendant.  Id.* (emphasis original); *see also Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 432, 434 (2d Cir. 2005) (holding venue improper where defendant's interactions with the venue were coincidental). Section 1391(b)(2)'s substantiality standard is more stringent than that which applies to the personal jurisdiction minimum contacts inquiry.  *See Gulf Ins.*, 417 F.3d at 356.

In the context of a trademark infringement claim, "a substantial part of the events giving rise to the claim occurs in any district where a substantial amount of goods is sold to deceived customers, where infringing labels are affixed to the goods in question, or where the defendant advertises and markets the infringing goods." *Crescent Publ'g Grp. v. Am. Video Corp*., No. 93 CIV. 5896 (LLS), 1996 WL 143928, at *3 (S.D.N.Y. Mar. 29, 1996).  Plaintiff has not alleged that Mahomes or Kelce have engaged in any such activities, much less that any such activities are connected to this District.  Instead, Plaintiff attempts to establish venue exclusively through its own "principal place of business" in New York and argues that its "choice of this District as its home forum is entitled to strong deference."  SAC ¶ 32.  If that were true, it "would make venue

22

proper in the district of the plaintiff's residence in all trademark infringement cases"—a result that this Court has held "is inconsistent with the venue statute, which focuses on the defendant's residence and the location of the infringing activities." *Crescent Publ'g*, 1996 WL 143928, at *3; *see G.F.C. Fashions, LTD v. Goody's Family Clothing, Inc.*, No. 97 Civ. 0730(LAP), 1998 WL 78292, at *3 (S.D.N.Y. Feb. 24, 1998) (venue cannot solely be based where trademark infringement plaintiff is based).

Plaintiff's legal authority does not demonstrate otherwise. In fact, each of the cases Plaintiff cites in support of its position (*see* SAC ¶ 32) relates to *forum non conveniens* motions— a distinct procedural posture from a motion to dismiss for improper venue. *See Sinclair & Wilde, Ltd. v. Barer Holding Co.*, 792 F. Supp. 3d 521, 532 (S.D.N.Y. 2025) (stating that any *forum non conveniens* assessment begins with assumption that plaintiff's selection of forum is proper); *Chanel, Inc. v. Shiver & Duke LLC,* No. 1:21-cv-01277 (MKV), 2022 WL 3868113, at *4 (S.D.N.Y. Aug. 30, 2022) (plaintiff's cited quote made in connection with a transfer of venue motion); *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 694-95 (S.D.N.Y. 2009) (assessing motion to transfer venue pursuant to 28 U.S.C. § 1404(a)). This Court has expressly refused to apply the more favorable standard of review used in *forum non conveniens* motions under 28 U.S.C. § 1404 to an assessment of improper venue under 28 U.S.C. § 1391. *See, e.g., Shepperson v. Greenwood Motor Lines, Inc.*, No. 1:23-cv-09097 (GHW) (SDA), 2024 WL 967438, at *3 (S.D.N.Y. Mar. 6, 2024); *Corbishley v. Napolitano,* No. 20-CV-7445 (VSB), 2020 WL 6157103, at *2, n.2 (S.D.N.Y. Oct. 21, 2020). Accordingly, Plaintiff has failed to provide a colorable basis for venue in this District, and, for this reason as well, Plaintiff's claims as to Mahomes and Kelce should be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants Mahomes and Kelce respectfully request that the Court dismiss all claims asserted against them in this action, with prejudice, and grant such other relief as the Court deems just and proper.

Dated:   New York, New York
        July 3, 2026               LOEB & LOEB LLP

                                 By:   */s/ Frank D'Angelo*
                                     Frank D'Angelo
                                     Sarah Levitan Perry
                                     345 Park Avenue
                                     New York, NY 10154
                                     Tel: (212) 407-4000
                                     fdangelo@loeb.com
                                     sperry@loeb.com

                                     Melanie Howard (admitted *pro hac vice*)
                                     10100 Santa Monica Blvd., Suite 2200
                                     Los Angeles, CA 90067
                                     Tel: (310) 282-2000
                                     mhoward@loeb.com

                                     *Attorneys for Defendants*
                                     *Patrick Mahomes II and Travis Kelce*

**<u>Certificate of Compliance with Local Rule 7.1(c)</u>**

I hereby certify that the number of words in the foregoing memorandum of law, according to the word count on the word-processing program utilized, inclusive of point headings and footnotes, and exclusive of the caption, table of contents, table of authorities, signature block and this certificate of compliance, is 7,506.

Dated:  New York, New York
　　　　July 3, 2026

　　　　　　　　　　　　　　　　　　*/s/ Frank D'Angelo*　　　　　　　
　　　　　　　　　　　　　　　　　　　Frank D'Angelo

25