**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| 1587 SNEAKERS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRAVIS KELCE; PATRICK MAHOMES; 1587 PRIME KC, LLC; 1587 PRIME HOLDINGS, LLC; TOSH BERMAN; MICHAEL TANHA; and NOBLE 33 HOLDINGS, LLC, <br><br> Defendants. | **Case No**.: 26-cv-01337-NRB |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS TRAVIS KELCE PATRICK and MAHOMES MOTION TO DISMISS**

1

**TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................................ 4

II.   BACKGROUND ......................................................................................................... 5

III.  ARGUMENT............................................................................................................. 5

    i.    Legal Standard ....................................................................................................... 5

    Rule 12(b)(6) ................................................................................................................ 5

    i.    Analysis.................................................................................................................. 6

    a)    Personal Participation, Authorization, and Approval Are Plausibly Alleged........................ 6

    b)    Knowledge or Intent Is Immaterial; Participation and Authorization Suffice at the Pleading Stage ............................................................................................................................. 6

    c)    Defendants' Group Pleading and 3rd Party Vendor Position Fails ........................................ 7

IV.  CONCLUSION ........................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Bambu Sales, Inc. v. Sultana Crackers, Inc*., 683 F.Supp. 899, 913 (E.D.N.Y.1988 ......................... 4

*Cartier v. Aaron Faber, Inc.*, 512 F.Supp.2d 165, 170 (S.D.N.Y 2007) ............................................ 4

*KatiRoll Co. v. Kati Junction, Inc*., 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014) ............................... 4, 6

**Rules**

FRCP Rule 12(b)(6) ................................................................................................................. 5,7

Plaintiff 1587 Sneakers, Inc. ("1587" or "Plaintiff") respectfully submits this memorandum in opposition to the motion to dismiss filed by Defendants TRAVIS KELCE; PATRICK MAHOMES (collectively, the "Defendants").

## I.   PRELIMINARY STATEMENT

Defendants TRAVIS KELCE and PATRICK MAHOMES seek dismissal by recasting themselves as two distant celebrities that are mere promotional 'pretty faces' faces of the alleged infringing enterprise with no New York ties. The record shows otherwise.

As sufficiently alleged in the operative complaint, both Defendants played an active personal role as the "moving forces" of the at-issue mark as "1587" was approved and constructed from their respective football jersey numbers: 15 and 87.

In the Second Circuit, "under the Lanham Act, a corporate officer may be held personally liable for trademark infringement and unfair competition if the officer is a moving, active [,] conscious force behind [the defendant corporation's] infringement*." Cartier v. Aaron Faber, Inc.*, 512 F.Supp.2d 165, 170 (SDNY 2007). A showing that an officer "authorized and approved the acts of unfair competition which are the basis of [the] ... corporation's liability ... is sufficient participation in the wrongful acts to make [the officer] individually liable." *KatiRoll Co. v. Kati Junction, Inc.*, 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014) (citing *Bambu Sales, Inc. v. Sultana Crackers, Inc*., 683 F.Supp. 899, 913 (E.D.N.Y.1988)). Critically, "in determining whether the officer's acts render him individually liable, **it is immaterial whether ... he knows that his acts will result in an infringement**." *Id.* (*emphasis added*).

## II.  BACKGROUND

Plaintiff respectfully fully adopts the SAC's for this Honorable Court's review and reference.

In sum herein, Plaintiff is an AAPI-owned apparel company, often culinary-themed, using the "1587" mark in commerce since April 13, 2023, with national sales and significant media exposure; its principal place of business is in Chinatown, Manhattan. Defendant KELCE and MAHOMES launched "1587 PRIME" in or about September 2025, offering restaurant services and apparel; the numeral "1587" derives from MAHOMES's "15" and KELCE's "87," and Defendants market and sell accused apparel nationwide via an interactive e-commerce platform. Defendants' platform accepted a New York order, processed a New York billing address, issued a shipping confirmation, and delivered the infringing item to a New York address (SAC's Exhibit A).

Lastly, Plaintiff alleges actual and threatened confusion in New York, declining sales after the apparel launch, and injury to New York-based goodwill.

## III. ARGUMENT

### i.    Legal Standard

***Rule 12(b)(6)***

The Rule 12(b)(6) inquiry asks whether the SAC plausibly alleges that Defendant KELCE and MAHOMES personally participated in, authorized, or approved the infringing use, not whether Plaintiff has proven its case. With that context, Plaintiff meets the moment in its operative complaint.

As stated, the construction of the Accused Mark irrefutably demonstrates that Defendants KELCE and MAHOMES were not passive participants in the venture: they were the generative force from which the infringing mark derives its entire identity and market appeal. A defendant who

is literally encoded in the infringing mark, whose identity is the mark, is by definition a moving force behind its adoption.  SDNY decisions hold that corporate officers are individually liable for Lanham Act infringement where they personally participated in or were the "moving, active, conscious force" behind the infringing acts. *See KatiRoll Co. v. Kati Junction*, Inc., 33 F. Supp. 3d 359, 367 (S.D.N.Y. 2014). The SAC's framing mirrors this standard by alleging that the mark's identity is built from the individuals' numbers, that they directed its adoption and public rollout, and that they controlled commercialization. The SAC pleads that each defendant's numeric identity is embodied in the accused mark and that he was a moving force in the decision to engage in the infringing acts

### i.    Analysis

#### a) <u>Personal Participation, Authorization, and Approval Are Plausibly Alleged</u>

The SAC alleges KELCE and MAHOME, in part, conceived and drove the use of the numerals "15" and "87" to form the accused "1587"/ "1587 PRIME" marks, making them the generative and "moving force[s]" behind the infringing branding. The SAC pleads that this construction "irrefutably demonstrates" KELCE and MAHOME were not passive participants, but the generative force from which the mark derives its identity and market appeal. These allegations support the reasonable inference that KELCE and MAHOME personally authorized and approved the adoption of the accused marks for commercial use.

#### b) <u>Knowledge or Intent Is Immaterial; Participation and Authorization Suffice at the Pleading Stage</u>

Defendants suggest Plaintiff *must* plead that KELCE or MAHOMES *personally* processed orders themselves or acted with scienter. Such an onerous position is foolhardy on its face and is found nowhere in the SDNY trademark-infringement officer-liability doctrine. That doctrine instead

(*rightly*) focuses on whether the individual personally participated in, authorized, or approved the infringing use, the "moving, active, conscious force" test. Scienter is not required to state a Lanham Act claim against individuals who personally participated in the use of the mark in commerce.

### c) <u>Defendants' Group Pleading and 3rd Party Vendor Position Fails</u>

Defendants argue the SAC relies on undifferentiated "Defendants" allegations and contains contradictions about who operated e-commerce. Rule 8 requires that a complaint give each defendant fair notice of the claim and the grounds upon which it rests, but it does not require evidentiary detail at the pleading stage; lumping allegations may be improper if no facts tie a defendant to the conduct, which defendants argue here. Defendants' 12(b)(6) argument rests on characterizing the SAC as impermissible group pleading and on asserting contradictions about who operated the e-commerce platform. But the SAC supplies concrete, defendant-specific allegations of roles, control, direct promotion, and claim-linked sales into this District. The SAC identifies KELCE and MAHOMES by role (members/managers), pleads their control over 1587 PRIME KC, LLC's commercial activities, and pleads their personal marketing/promotion of the accused marks. The SAC further ties those acts to a completed, claim-linked infringing transaction to New York.

Even under Defendants' own articulation of the standard, the SAC alleges more than title, it alleges personal participation and authorization of the challenged branding and commercialization. Even in their own framing, individual liability attaches when the individual is a primary actor who authorized/approved the challenged conduct; they argue mere titles are insufficient, but the SAC alleges more: brand built around their numbers plus their promotion of it.  Defendants' authorities acknowledge that an individual may be liable where the corporation engages in purposeful activities in relation to the challenged transaction for the benefit of and with the knowledge and consent of, and some control by, the individual.

Defendants' arguments about which vendor fulfilled orders or about internal operating agreements go to proof, not pleading. Moreover, the law does not insulate individuals who were the moving, active, conscious force behind infringing use in commerce simply because a third-party vendor handled logistics.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Defendants KELCE and MAHOMES's motion to dismiss in its entirety.

Dated: Brooklyn, New York
August 4, 2026

**EZRA LAW, P.C.**

*/s/ Ezra Salami*
   Ezra Salami

EZRA LAW, P.C.
295 Front Street
Dumbo, Brooklyn, 11201
T: (347) 696-7555
F: (347) 696-7555
E: ezra@ezralaw.co
   *Counsels for*
   *Plaintiff*

**Local Civil Rule 7.1(c)**

I hereby certify that the foregoing contains 1,401 words, and that I have relied upon Microsoft Word's word count for purposes of this certification.


Dated: Brooklyn, New York
August 4, 2026

                                          **EZRA LAW, P.C.**

                                          */s/ Ezra Salami__*
                                              Ezra Salami

                                          EZRA LAW, P.C.
                                          295 Front Street
                                          Dumbo, Brooklyn, 11201
                                          T: (347) 696-7555
                                          F: (347) 696-7555
                                          E: ezra@ezralaw.co
                                              *Counsel for*
                                              *Plaintiff*